## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DANILA ZALDIVAR**                                      **CIVIL ACTION NO: 19-13088**

**VERSUS**
                                                         **SECTION: T (2)**
**TRANSUNION, INC. and**
**PENNSYLVANIA HIGHER**
**EDUCATION ASSISTANT AGENCY**
**d/b/a FEDLOAN SERVICING**


### ORDER

Before the Court is a Motion to Transfer[1] filed by Danila Zaldivar ("Plaintiff"). Defendant Pennsylvania Higher Education Assistance Agency d/b/a Fedloan Servicing ("PHEAA") has filed an opposition.[2] For the following reasons, the Motion to Transfer[3] is **DENIED.**

This action arises out of Plaintiff's claim that PHEAA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA"). Plaintiff was originally part of a group of Plaintiffs in another civil action filed in February 2019. In that action, this Court granted PHEAA's motion to sever the claims and gave the severed plaintiffs the option to re-file their claims in this District by October 10, 2019. On October 10, 2019, Plaintiff filed an amended complaint in this Court.[4] On January 23, 2020, PHEAA filed a motion to dismiss Plaintiff's claims,[5] and Plaintiff subsequently filed the instant motion to transfer.[6]

The motion to transfer requests Plaintiff's case be transferred to the Northern District of Florida. Plaintiff maintains that this Court has general jurisdiction over PHEAA, but that

---

[1] R. Doc. 17.
[2] R. Doc. 22.
[3] R. Doc. 17.
[4] R. Doc. 1.
[5] R. Doc. 16.
[6] R. Doc. 17.

jurisdiction and venue are also appropriate in Florida. Plaintiff asserts that jurisdiction and venue are generally appropriate where a plaintiff resides in FCRA cases because a plaintiff's residence is typically where the plaintiff suffered injury. PHEAA contends Plaintiff's motion to transfer should be denied because Plaintiff made the decision to file his claim in this District even though Plaintiff resides in Florida and PHEAA resides in Pennsylvania.

28 U.S.C. § 1404(a) allows transfer of a case from a district court in which venue is proper to another district court in which venue is also proper "for the convenience of the parties" and "in the interest of justice." 28 U.S.C. § 1406(a) allows transfer of a case from a district in which venue is improper to another district court in which venue is proper, "if such transfer is in the interest of justice." In other words, "[b]oth statutes establish a basis for transferring forum, based on convenience or cure of defect, respectively."[7] Under both statutes, the decision whether to transfer a case is within the discretion of the district court.[8]

In this case, Plaintiff seeks to transfer venue to the Northern District of Florida. The Northern District of Florida, however, is not a proper venue. Neither PHEAA nor Plaintiff reside in the Northern District of Florida and none of the events giving rise to the claim occurred in the Northern District of Florida. The Court can only transfer to a federal district court where venue would be proper. Therefore, the Court finds that Plaintiff has failed to establish that a transfer is appropriate in this case.

---

[7] *Melancon v. Harrah's Enter., Inc.*, No. 07-3125, 2008 WL 294447, at *2 (E.D. La. 2008).
[8] *See SeaTrepid Int'l, LLC v. MK Salvage Venture, LLC*, No. 13-51, 2013 WL 4012655, at *3 (E.D. La. Aug. 5, 2013) ("The decision whether to transfer a case pursuant to 28 U.S.C. § 1404(a) is committed to the sound discretion of the district court."); *Karts Int'l, Inc. v. Schweser*, No. 99-1636, 1999 WL 1075937, at *3 (E.D. La. Nov. 30, 1999) ("The decision whether to transfer an action pursuant to Section 1406(a) rests within the sound discretion of the trial court.").

Accordingly, **IT IS ORDERED** that the Motion to Transfer [9] is **DENIED. IT IS FURTHER ORDERED** that this case is no longer **STAYED** and the pending Motion to Dismiss[10] is set for submission on October 28, 2020.

> **New Orleans, Louisiana**, on this 25th day of September, 2020.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[9] R. Doc. 17.
[10] R. Doc. 16.